UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>OFFICER R PHILLIPS (BADGE # 348),<br>Official capacity,<br><br>　　　　　　Defendant. | 3:24-CV-03020-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND ENJOINING PLAINTIFF FROM FILING IN THE DISTRICT OF SOUTH DAKOTA WITHOUT OBTAINING COURT APPROVAL** |

Plaintiff, Robert W. Johnson, has three cases pending before this court: *Johnson v. Phillips* (3:24-CV-03020-CCT), *Johnson v. Bad Boy Productions Holdings Inc* (3:24-CV-03023-CCT), and *Johnson v. Albolino* (1:24-CV-01018-CCT). Johnson filed motions to proceed in forma pauperis in each of the cases. *Phillips*, 3:24-CV-03020-CCT, Docket 2; *Bad Boy Prods. Holdings Inc*, 3:24-CV-03023-CCT, Docket 2; *Albolino*, 1:24-CV-01018-CCT, Docket 2. Because Johnson's motions to proceed in forma pauperis were incomplete, the Court ordered Johnson to submit in each of his pending cases a completed Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239) and directed Johnson to include his monthly income, monthly expenses, and assets or pay the $405 filing fee for each case by November 21, 2024. *Phillips*, 3:24-CV-03020-CCT, Docket 6 at 2–3; *Bad Boy Prods. Holdings*

*Inc*, 3:24-CV-03023-CCT, Docket 4 at 2–3; *Albolino*, 1:24-CV-01018-CCT, Docket 5 at 2–3.

The Court also ordered Johnson to show cause why he should not be enjoined from filing future complaints in the United States District Court for the District of South Dakota without obtaining court approval. *Phillips*, 3:24-CV-03020-CCT, Docket 6 at 3–7; *Bad Boy Prods. Holdings Inc*, 3:24-CV-03023-CCT, Docket 4 at 3–7; *Albolino*, 1:24-CV-01018-CCT, Docket 5 at 3–7.

On December 2, 2024, Johnson filed a notice of interlocutory appeal, Docket 8,[1] and a motion for leave to proceed in forma pauperis, Docket 7. Johnson did not file a notice of appeal in the two other pending cases, *Bad Boy Productions Holdings Inc*, 3:24-CV-03023-CCT, and *Albolino*, 1:24-CV-01018-CCT. The Court denied Johnson's motion to proceed in forma pauperis on appeal because he did not provide sufficient information to permit the Court to determine whether he is able to pay the full filing fee. Docket 12 at 2–3. The Court also found that Johnson's appeal was not taken in good faith. *Id.* at 3. The Eighth Circuit Court of Appeals dismissed Johnson's appeal for failure to prosecute. Docket 15.

---

[1] Johnson's complaint was filed on September 17, 2024. Docket 1. His notice of appeal was dated September 18, 2024. Docket 8. However, the notice of appeal was not postmarked until November 18, 2024, and was not received by the Clerk's Office until December 2, 2024. *Id.* When Johnson mailed the notice of appeal, it appears that he did not affix any postage, and the envelope indicates postage in the amount of $0.73 is due. *Id.* at 5.

2

## I.  Motion to Proceed in Forma Pauperis

The Court ordered Johnson to pay the $405 filing fee or to submit a completed Form AO 239 by November 21, 2024. Docket 6 at 7. The Court's order warned Johnson that failure to comply will result in the dismissal of his complaint. *Id.* Johnson has not paid the $405 filing fee. Although he submitted a motion to proceed in forma pauperis on December 2, 2024, Docket 7, the Court construed his filing as a motion for leave to proceed in forma pauperis on appeal. Docket 12 at 3 n.4. The Court outlined why neither of Johnson's motions for leave to proceed in forma pauperis, Dockets 2 and 7, provide sufficient information for the Court to determine whether Johnson has sufficient funds to pay the filing fee and, once again, directed Johnson to "submit a financial affidavit providing sufficient information for this court to determine his ability to pay the filing fee if he wishes to proceed in forma pauperis at the district level." Docket 12 at 3 n.4. Johnson has not complied with the Court's order. Further, his application to proceed in forma pauperis on appeal appears not to have been completed in good faith. Johnson simply wrote zero for all dollar amounts and represented that he has no income, no assets, and no monthly expenses. Docket 7. He wrote "N/A" in almost all other spaces on the application. *Id.* Accordingly, Johnson's motion to proceed in forma

3

pauperis, Docket 2, is denied, and his complaint, Docket 1, is dismissed without prejudice for failure to prosecute.

## II. Order Enjoining Johnson From Filing Civil Lawsuits in the District of South Dakota Without Obtaining Court Approval

Johnson did not respond to the Court's order to show cause why he should not be enjoined from filing future complaints in the United States District Court for the District of South Dakota without obtaining court approval, and his time for doing so has expired.[2] In the Order to Show Cause, the Court warned that "[f]ailure to comply with this order will result in enjoining Johnson from filing in the District of South Dakota[.]" Docket 6 at 7. As outlined in the Order to Show Cause, Johnson is a serial litigator. *Id.* at 3–5. Johnson's abusive filings have continued since the Court's Order to Show Cause was issued. In calendar year 2025, Johnson has filed at least thirteen lawsuits in nine separate judicial districts. *See* PACER, Public Access to Court Electronic Records, *Case Locator*, https://pcl.uscourts.gov (last visited Apr. 28, 2025). Like this lawsuit, none of Johnson's recently filed lawsuits have any obvious connection to the district in which they were filed.

Johnson has filed nearly identical complaints against Officer Phillips, an officer with the Syracuse Police Department, in at least four other districts. *See Johnson v. Phillips*, 1:2024-CV-00399 (D. Haw.); *Johnson v. Phillips*, 1:2024-

---

[2] In his notice of interlocutory appeal, Johnson "objects to rulings filed against Plaintiff to dismiss proceedings." Docket 8 at 1 (capitalization in original omitted). Johnson's notice of appeal does not address his history as a serial litigator, his other nearly identical complaints against Officer Phillips, the fact that his complaint was allegedly signed by a New York attorney who is not registered with the New York Bar, or his allegations' lack of connection to the District of South Dakota.

CV-00922 (D.N.M.); *Johnson v. Phillips*, 1:2024-CV-01030 (D. Del.); *Johnson v. Phillips*, 1:2024-CV-00130 (D. Mont.). He has been warned about filing groundless or frivolous suits or been enjoined from filing without court leave in several districts. *See, e.g., Johnson v. Kirwan*, 25-CV-0651 (PTS/DTS), Docket 3 at 3 n.1 (D. Minn. Feb. 24, 2025) (warning Johnson that he will not be permitted the evade the filing restrictions placed upon him in the Northern District of New York by filing lawsuits in the District of Minnesota hoping for a transfer); *Johnson v. Colvin Post Off.*, 2024 WL 4240338, at *1 (D. Me. Sept. 19, 2024) (recommending enjoining Johnson from filing in the District of Maine without obtaining prior court permission); *Johnson v. Coe*, 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (barring Johnson from filing suit without court leave); *Johnson v. Vera House, Inc.*, 2022 U.S. Dist. LEXIS 48312, at *12 (D. Conn. Mar. 18, 2022) (enjoining Johnson from filing in District of Connecticut without leave of court); *Johnson v. Town of Onondaga*, 2020 WL 419427, at *2–3 (S.D.N.Y. Jan. 27, 2020) (requiring Johnson to show cause why he should not be enjoined from filing any further actions in forma pauperis without obtaining permission from the court); *Johnson v. Abel*, 2:19-CV-02865, Docket 8 at 8 (S.D. Ohio Aug. 5, 2019) (deeming Johnson as a vexations litigator and enjoining him from filing without obtaining a certificate of good faith from an attorney licensed to practice in Ohio or tendering a complaint for the court to review before filing in the court's docketing system).

Johnson has previously filed three cases in the District of South Dakota: *Johnson v. Trump* (3:23-CV-03022-RAL), *Johnson v. Syracuse Police Department*

(1:24-CV-01019-LLP), and *Johnson v. Wendys Co* (3:24-CV-03021-LLP). *Trump* was dismissed during screening under 28 U.S.C. § 1915(e) because Johnson did not provide any explanation or basis for why he had a cause of action against the defendants. *Trump*, 3:23-CV-03022-RAL, Docket 7 at 3–4. Johnson's complaints against the Syracuse Police Department and Wendys were dismissed for lack of subject matter jurisdiction. *Syracuse Police Dep't*, 1:24-CV-01019-LLP, Docket 4 at 4; *Wendys Co*, 3:24-CV-03021-LLP, Docket 6 at 5. In his prior suits, Johnson has not shown that the District of South Dakota was the proper venue to bring his claims. *See* 28 U.S.C. § 1391(b) (stating that venue is generally proper where the defendants reside or where "a substantial part of the events or omissions giving rise to the claim occurred . . . "). In his pending suits, it appears that the District of South Dakota is not a proper venue.

Further, Johnson's pending complaints were signed and filed by an alleged attorney, Willie Johnson (registration number 999999), out of Buffalo, New York. *Phillips*, 3:24-CV-03020-CCT, Docket 1 at 6; *Bad Boy Prods. Holdings Inc*, 3:24-CV-03023-CCT, Docket 1 at 6; *Albolino*, 1:24-CV-01018-CCT, Docket 1 at 6. Willie Johnson did not file a motion for admission pro hac vice or indicate that he was licensed to practice law in the State of South Dakota and the District of South Dakota. Thus, the Court felt that it would be prudent to confirm that Willie Johnson is a licensed member of the New York Bar and that the registration number is authentic. The Clerk of Court for the District of South Dakota called the phone number listed for Willie Johnson; the

6

individual who answered the phone confirmed that he is Willie Johnson, that he is a licensed attorney in New York, and that the registration number listed is correct. The Clerk of Court also contacted the New York State Bar, who verified that the New York Bar Registry does not show that there is a Willie Johnson assigned registration number 999999.

Under 28 U.S.C. § 1651(a), district courts have the authority "to enjoin litigants with lengthy histories of abuse from future filings or to impose such other restrictions pre-filing as may be necessary to thwart such abuse." *Lundahl v. NAR, Inc.*, 434 F. Supp. 2d 855, 855–56 (D. Idaho 2006) (citing 28 U.S.C. § 1651(a)). In the Eighth Circuit, a district court may enjoin a plaintiff who filed frivolous and vexatious lawsuits from filing further actions without first obtaining leave of the district court. *See Sassower v. Carlson*, 930 F.2d 583, 584–85 (8th Cir. 1991) (per curium); *Akins v. Neb. Ct. of Appeals*, 607 F. App'x 606, 607 (8th Cir. 2015) (per curium). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of this Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of . . . frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989). Because of Johnson's vexatious, abusive litigation tactics in the District of South Dakota, which mirror his tactics other districts have recognized as vexatious and abusive, there is good cause to enjoin Johnson from filing any future lawsuits in the District of South Dakota without court approval.

**III.   Conclusion**

Thus, it is ORDERED:

1. That Johnson's motion to proceed in forma pauperis, Docket 2, is denied, and his complaint, Docket 1, is dismissed without prejudice for failure to prosecute.

2. That Johnson's motion for default judgment and other claims for relief incorporated in his notice of appeal, Dockets 8 and 9, are denied as moot.

3. That Robert W. Johnson is permanently enjoined from filing any further lawsuits in the United States District Court for the District of South Dakota unless he obtains court approval. If Johnson requests court approval to file a new lawsuit, he must attach a copy of this order to his complaint. He must also attach a listing of the full caption of every other lawsuit he has filed in any federal or state court against each defendant he seeks to name in the proposed lawsuit. Finally, any proposed complaint Johnson seeks to file must contain sufficient factual allegations to establish that venue is proper in the District of South Dakota.

4. That the Clerk of Court shall not file any new complaints submitted by Johnson or open any new cases for Johnson unless a judge has reviewed the proposed complaint and directed the Clerk of Court to file the complaint.

Dated May 1, 2025.

                          BY THE COURT:

                          /s/ *Camela C. Theeler*
                          CAMELA C. THEELER
                          UNITED STATES DISTRICT JUDGE